Tbe opinion of tbe Court was delivered by
MüNRO, J.
Exception is' taken to tbe declaration, in tbe defendant’s first ground in arrest of judgment, because tbe plaintiff has omitted to set out therein tbe Christian name of tbe party, whose bouse is alleged to have been broken open.
To this a sufficient answer will be found, in tbe ruling of the Court in tbe case of Simpson vs. Vaughn, 2 Strob. 316, where it was held, that although such omission might furnish good ground for a special demurrer, tbe defect is however waived by pleading tbe general issue.
' Tbe second ground is, that tbe alleged slanderous words set forth in tbe declaration, do not charge tbe plaintiff with tbe commission of a criminal offence.
It has long been settled, that in actions of slander words are to be construed by a court, and jury, in tbe same manner *417 tbey were, or ought to have been understood, or construed by tbe person to whom tbey were spoken (2 N. & McC. 511) and in Morgan vs. Livingston, 2 Rich. 591, it was held, not to be necessary that tbe words should in terms charge^ a larceny. “ If,” says tbe Court, “ taking them altogether in their popular meaning, slicb is tbe necessary inference, then there is no doubt tbey are actionable.”
.In this case, however, we are spared tbe necessity of resorting to tbe popular meaning of tbe words, for if we accept tbe technical definition of larceny as given in tbe books, it would be difficult to select a form of words better adapted to convey tbe idea of that offence, than do those charged in tbe declaration to have been uttered by tbe defendant. Take for example tbe following, “ It was Eobert Galloway who broke into Ms (tbe defendant’s) sister’s bouse, and took tbe money.” And, again, “ It was tbe same one who broke tbe bouse before; it was be and no one else; and that be stole a rope about fifty feet long.”
It is clear then, that upon neither of tbe grounds in arrest of judgment, can tbe defendant’s motion prevail.
Tbe remaining ground is for a new trial, in ascribes error to tbe ruling on circuit, in excluding what a witness, introduced by tbe defendant, bad beard one Protbro say in relation to tbe subject matter of tbe slander, and which be, tbe witness, bad communicated to tbe defendant.
It has been settled by a series of decisions in our own courts, that what a party cannot plead in justification, be is permitted to give in evidence by way of mitigation. (í N. & McC. 268.) Under this rule, a defendant may give in evidence under the'general issue,
1st. Tbe plaintiff’s general character, without reference 'to tbe particular nature of tbe offence with which be is charged;
2. Pacts and circumstances, not amounting to actual proof of guilt, but going to create a suspicion;
*418 8. Keports and rumors, wbicb may have been in circulation concerning tbe plaintiff, whether true or-false; and all other facts and circumstances which may have any relation to the specific slander, and which are calculated to show the defendant uttered the words charged innocently.
In the recent case of Hatton vs. Turnipseed, 11 Vol. Mss. p. 120, in answer to an objection taken to the reception of similar testimony to that which was offered in this case, the court said, “Hearsays there were, but they were statements made by witnesses of what they had heard, which either they had testified to, or circumstances showed had been communicated to the defendant.
“ The hearsays then, were only proofs of the reports spoken of by every body, and shown by the defendant to rebut the implication of malice.
“ The matter to be inquired into, was not the guilt of D. S., nor of Dr. H., but the motive of the defendant. Had he made or exaggerated a charge against the plaintiff, or had he told, what he had heard, what he believed, and what the person he talked to was not ignorant of?”
We are of opinion therefore, that the evidence offered by the defendant was competent, by way of mitigation, and should have been received.
The defendant’s motion in arrest of judgment on all the grounds is therefore dismissed — but his motion for a new trial must f)& granted, and it is so ordered.
O’Neall, and WhitNER, JJ., concurred.

Motion granted.